# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## BROWN v. CHRISTIAN, Clerk.

### JULY 7, 1898.

1. DELINQUENT LANDS—*Application to Purchase—Redemption—Penalty.*— The right to the five dollars penalty to the applicant to purchase lands previously purchased by the auditor for delinquent taxes, provided by the act of February 11, 1898, attaches immediately upon the filing of the application to purchase, and before the copies provided for by the act have been issued or served upon any of the persons mentioned therein.

Original application for a writ of *mandamus*.

*Refused.*

The opinion states the case.

*Willoughby Newton, Jr.,* for the petitioner.

*D. C. Richardson,* for the respondent.

HARRISON, J., delivered the opinion of the court.

This petition for a *mandamus* involves the construction of an act of the Legislature approved February 11, 1898, in relation to delinquent lands purchased in the name of the auditor.

After setting forth the mode of procedure, what the application to purchase delinquent land must contain, how, when, and upon whom, copies of the application must be served, the act proceeds as follows :

" If no person who has a right to redeem at the time of the service of the copies, or of the completion of the order of publication as aforesaid, appear within four months after such copies have been served as aforesaid, or within four months after the completion of the order of publication, when there is a publication, and redeem said real estate by paying to the clerk of the county or corporation court all of the taxes, penalties, and costs therewith connected, as well as all fees and costs attending the proceeding under this section, including a penalty of five dollars, which shall be paid to the applicant, then the person who made the application shall have a right to purchase the real estate within five days from the expiration of the four months as aforesaid, by paying to the clerk all taxes, penalties, fees, and costs."

The controverted question is as to the time when the right of the applicant to the $5.00 penalty attaches.

The petitioners insist that the right to this $5.00 penalty does not arise until a copy of the application has been served upon the persons named therein. On the other hand, the defendant contends that the right attaches immediately upon the filing of the application to purchase; that when the application has been filed, although no copy thereof has been issued or served upon any of the persons mentioned therein, it becomes the duty of those interested, in order to redeem, to pay him the costs of the proceeding, together with the penalty of $5.00 for the applicant.

The court is of opinion that the act is susceptible of no other reasonable construction than that placed upon it by the defendant.

It must be borne in mind that the tax in question has been due and unpaid for more than two years; that the land against which it was assessed has been forfeited, and belongs to the Commonwealth, and that it is only by her favor that it can be redeemed. It is manifest that the object of the statute was twofold; first, to induce those interested to reclaim the land

by promptly paying the delinquent taxes; and second, to en-courage others to come forward and buy the property from the State for the taxes due thereon. After the application has been filed, another opportunity is given those interested to re-claim the land, upon condition, however, that the costs inci-dent to filing the application and a penalty of $5.00 to the applicant is paid. The penalty of $5.00 was doubtless intended to reimburse the applicant for his trouble in offering, at the invitation of the State, to become the purchaser. This final application to redeem is at any time within four months from the date of the service of the copies of the application, or the completion of the order of publication, if there be one, and the language of the statute, "*if no person who has a right to redeem at the time of the service of the copies, or the completion of the order of publication as aforesaid, appear within four months after such copies have been served, &c.,*" was intended to fix the date of the service of the copies, &c., as the time from which the redemption period of four months should begin to run, and had no reference to the conditions imposed upon the privilege of redeeming. Those penalties attached as soon as the application to purchase was filed.

The construction contended for by petitioners would defeat the object of the law, and make it worthless, for no one would take the trouble to prepare his application and pay officers' fees if the delinquent tax-payer could come forward and re-claim the land by paying to the clerk the tax and interest.

For these reasons the writ prayed for must be denied.

*Mandamus refused.*